# EXHIBIT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGWU MONG, **Plaintiff,** v. C.H. ROBINSON COMPANY, INC., and SURESTAFF, INC., **Defendants.** | No. 1:22-cv-07278 Judge Andrea Robin Wood |

**DECLARATION FOR MOTION FOR WITHDRAWL**

1. My name is Nathan C. Volheim. I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. Beginning in January 2023 after the complaint was filed, myself and my staff attempted to contact Plaintiff to no avail.

3. My staff sent text messages and emails to Plaintiff's known phone number and email starting on January 25, 2023.

4. At this time, myself or our staff did not have knowledge of Plaintiff's death.

5. My staff continued to try and make contact with Plaintiff without the knowledge of his death.

6. On March 1, 2023, we ran a Lexis Accruint report to determine any other means to make contact with Plaintiff.

7. We searched online and on social media for possible ways to make contact with Plaintiff.

8. We attempted to contact possible next of kin by calling all the different

phone numbers on the Accruint report.

9. Through those diligent efforts, our office became aware of Plaintiff's death in or around April 17, 2023 through Plaintiff's brother K. Terry.

10. As Plaintiff's counsel, we informed Defendant's counsel and informed the court of the suggestion of death.

11. After my staff spoke with Mr. Terry, we have reached out to him on multiple occasions to determine who could be substituted as proper party and his phone goes straight to voicemail.

12. After the June 22, 2023 status hearing my staff and I continued trying to find other family members by searching for an obituary, social media searches, and attempting to contact Plaintiff's brother again.

13. On July 12, 2023, my colleague Chad Eisenback made contact with Plaintiff's brother but his brother expressed no interest on opening an estate to substitute the proper party.

14. To date, the only living relative known is Plaintiff's brother.

15. Myself and my staff have taken all reasonable steps to contact other family members but have been unsuccessful.

16. Therefore, we cannot substitute proper party in light of Plaintiff's death.

**Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Executed this 8th day of August, 2023.

							  _____
							  **Nathan C. Volheim**